IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT NATHON WEHMHOEFER, | § | |
| TDCJ #795907, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0205 |
| | § | |
| WARDEN VASQUEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Scott Nathon Wehmhoefer is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Wehmhoefer has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Wehmhoefer is *pro se* and, because he has not paid the filing fee, presumably he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

Wehmhoefer is presently incarcerated at TDCJ's Darrington Unit in Rosharon, Texas. He sues three individuals employed by TDCJ at the Darrington Unit, including Warden Avairo Vasquez, Warden Lavand, and Warden W.L. Stacks, who reportedly goes by the "pseudonym" DeWade Easley.

Wehmhoefer has insisted that he has family members who are forwarding large annual annuity checks to his prison inmate trust account, but that these checks have been forged or stolen by a man named John Kitchel and conspirators who work at the Darrington Unit.  *See Wehmhoefer v. Kitchel*, Civil Action No. H-05-2072 (S.D. Tex.); *Wehmhoefer v. Kitchel*, Civil Action No. H-05-2516 (S.D. Tex.); *Wehmhoefer v. Kitchel*, Civil Action No. H-05-3140 (S.D. Tex.).  In this case, Wehmhoefer complains that he wrote to Warden Vasquez about the missing "annuities and other checks" that were being received at the prison. Wehmhoefer was reportedly told by Warden Vasquez that, to collect these annuities and checks, all he had to do was submit a lay-in for the "south shower."  Wehmhoefer claims that he has requested more than one lay-in to the south shower, but that prison officials still refuse to give him the annuities and checks that have been sent to him from 1998 to 2006.

Wehmhoefer accuses the defendants of forging his signature to these annuity checks, some of which are at least as much as $500,000.00, and all of which are over the amount of $10,000.00. Wehmhoefer seeks compensation for the original amount of the stolen checks. The Court concludes, however, that Wehmhoefer's complaint must be dismissed for reasons discussed below.

## II.  <u>STANDARD OF REVIEW</u>

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA").  Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate,

2

dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b).   In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002).  Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

III.   **DISCUSSION**

Wehmhoefer has filed this prisoner civil rights suit under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. The "essential character of the statute . . . 'creates a species of tort liability,'" which provides relief for invasions of rights protected under federal law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1997) (citations and quotations omitted). "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir.) (citing *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989)), *cert. denied*, 522 U.S. 1016 (1997). To establish liability under 42 U.S.C. § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).

4

Liberally construed, Wehmhoefer asserts that the defendants have committed theft by forging his signature and stealing annuity checks (*i.e.*, property) that belong to him.  Whether there is a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation if state law provides an adequate post-deprivation remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994).  Texas provides a remedy for inmates whose property has been taken or destroyed improperly.  *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008.  There is no basis under federal law for the relief that Wehmhoefer seeks.  Therefore, Wehmhoefer has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983, and his complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Alternatively, the allegations referenced in Wehmhoefer's pleadings appear fantastic and therefore factually frivolous.  *See, e.g., Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)).  Further, his allegations repeat those raised and rejected already by courts in this district. *See Wehmhoefer v. Kitchel*, Civil Action No. H-05-2072 (S.D. Tex.) (dismissed as frivolous); *Wehmhoefer v. Kitchel*, Civil Action No. H-05-2516 (S.D. Tex.) (dismissed as legally baseless); *Wehmhoefer v. Kitchel*, Civil Action No. H-05-3140 (S.D. Tex.) (dismissed as malicious).  A complaint is considered "malicious" for purposes of the PLRA if it duplicates allegations made in another pending

federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). Because Wehmhoefer's claims mimic those raised in other suits brought by him within this district, maintenance of the instant action would be redundant and an impermissible waste of judicial resources. *See Mayfield v. Collins*, 918 F.2d 560, 561-62 (5th Cir. 1990). Therefore, the Court concludes that his complaint is also subject to dismissal as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See, e.g., Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte* under the PLRA).

## IV.   <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.   The TDCJ-ID Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Scott Nathon Wehmhoefer (TDCJ #795907) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

2.   The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a cognizable federal claim. Alternatively, the complaint is subject to dismissal as frivolous and malicious.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax**

Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas,

Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

    SIGNED at Houston, Texas, on **January 25, 2006.**

                                     Nancy F. Atlas

                               United States District Judge